Hay, Judge,
delivered the opinion of the court:
This is a suit brought by John W. Parish, trustee, but since the suit was brought the said Parish has died and John H. Bexten has been substituted in his place as trustee.
• The suit is brought for the purpose of obtaining just compensation for the taking of private property.
An award in the amount of $158,525.59 was made by the board of appraisers appointed by the President of the United States, under the statute in such cases made and provided. The award was not satisfactory to the plaintiff, and he accepted 75 per cent thereof, as was permitted by the statute, said 75 per cent being the sum of $126,277.40, and suit is brought in this court for the purpose of having it determined whether he has been awarded just compensation by said board; and if he has not, to have this court determine what sum in addition to what he has received will be just compensation for the value of the property taken.
The findings of fact fully set out the circumstances of the case, and the .court, after a careful consideration of the facts found, has determined that the sum of $255,662.26 is just compensation for the property taken.
The plaintiff, however, contends that the amount of just compensation to which he is entitled should be determined upon the basis of the value of the plant as an entity and not upon the basis of the value of the property actually taken.
It appears from the facts found that the property of the plaintiff was taken while war was being waged between this country and Germany and was taken by virtue of the act of Congress approved March 4, 1917, 39 Stat. 1193, where it is provided:
“ Fourth. To requisition and take over for use or operation by the Government any factory, or any part thereof without taking possession of the entire factory, whether the United States has or has not any contract or agreement with the owner or occupier of such factory.”
The statute further provides that when property is so taken the Government shall make just compensation therefor.
In taking the property of the plaintiff the President was exercising powers conferred upon him by the statute; and if *534 in exercising these powers he injured the property of the plaintiff can it be said that the Government is to be held accountable? In other words, is the just compensation pro- , vided for in the statute to extend beyond the property actually taken? The facts are that the plant was not taken as an entity; only certain parts of it were taken, which was expressly provided for in the statute. Did Congress intend that the Government should pay for the parts not taken, or that the courts in determining just compensation should take into consideration any injury which might be done the plant by the taking of parts of it ? Congress had the power in time of war to impose conditions and to take over industries and to regulate how these things should be done. The Government, in exercising its rights under the statute, can not be required to pay for a whole plant when it only takes a part of it.
If the plaintiff claims under the fifth amendment the facts will not sustain his case. The facts show that the Government took parts of the plant, and as to the parts taken an implied contract arises, and the Government is bound to make just compensation therefor. But there was no taking of the plant as an entity, and to recover for a taking under the fifth amendment it must be upon an implied contract. It is not possible to imply a contract in a case when the property itself was not taken. In this case what was done was done in the exercise of a right which the Government had, and the consequences were only incidental, and no liability was incurred. Natron Soda Co. v. United States, 54 C. Cls. 169; 257 U. S. 138; Miller v. United States, 11 Wall. 268; Hamilton v. Dillin, 21 Wall. 73; Munn v. Illinois, 94 U. S. 113; C. B. & Q. Ry. v. Drainage Commissioners, 200 U. S. 561.
The court, in arriving at the just compensation to which the plaintiff is entitled, has taken into consideration the value of the property taken at the time it was taken, and that value was the value of the machinery set up and ready for operation, and the expense of placing the machinery in con- *535 di'tion for proper work must be taken into account in determining just compensation.
The court is of opinion that the plaintiff is entitled to a judgment for $129,384.86. And it is so ordered.
Grahasi, Judge; Downey, Judge; and Campbell, Chief Justice, concur.